IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE STATE OF ILLINOIS, BY<br>KWAME RAOUL, ATTORNEY GENERAL,<br><br>    *Plaintiff*,<br><br>v.<br><br>ELI LILLY AND COMPANY, *et al*.,<br><br>    *Defendants*. | Civil Action No. 1:23cv170 |

**UNITEDHEALTH GROUP INCORPORATED AND OPTUMINSIGHT, INC.'S REPLY
SUPPORTING THEIR RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF
<u>PERSONAL JURISDICTION</u>**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

I. THE STATE CAN POINT TO NO ALLEGATION SUFFICIENT TO CONFER PERSONAL JURISDICTION. ................................................................................. 3

II. THE STATE'S CONCLUSORY AND FACIALLY INADEQUATE ALLEGATIONS DO NOT ESTABLISH PERSONAL JURISDICTION. .................................................. 5

III. THERE ARE NO FACTUAL ALLEGATIONS ESTABLISHING SPECIFIC JURISDICTION OVER UHG OR OPTUMINSIGHT. ................................................... 6

    A. The State fails to plead that UHG or OptumInsight purposefully directed their activities toward Illinois. ........................................................................................ 6

    B. The State fails to plead that UHG or OptumInsight's contacts arise from or relate to its claims. .......................................................................................................... 9

IV. JURISDICTIONAL DISCOVERY IS NOT WARRANTED. ......................................... 11

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
 751 F.3d 796 (7th Cir. 2014) ....................................................................................4, 8, 9, 10

*Al Haj v. Pfizer Inc.*,
 338 F. Supp. 3d 741 (N.D. Ill. 2018) ......................................................................................10

*Brabus GmbH v. Individuals, Corps., Ltd.*,
 No. 20-cv-03720, 2022 U.S. Dist. LEXIS 187302 (N.D. Ill. Oct. 13, 2022) .........................8, 9

*Bruno v. Glob. Experience Specialists, Inc.*,
 No. 19-cv-06710, 2020 U.S. Dist. LEXIS 161374 (N.D. Ill. Sept. 3, 2020) .......................1, 10

*Calder v. Jones*,
 465 U.S. 783 (1984) ..................................................................................................................7

*Felland v. Clifton*,
 682 F.3d 665 (7th Cir. 2012) .....................................................................................................7

*The State of Mississippi ex rel. Fitch v. Eli Lilly & Co.*,
 No. 3:21-cv-00674, ECF No. 112 (S.D. Miss. Aug. 15, 2022) ...............................1, 2, 6, 7, 10

*Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'n
 Identified on Schedule "A"*,
 No. 20 C 4806, 2022 WL 2208827 (N.D. Ill. June 21, 2022) ...................................................4

*KM Enters., Inc. v. Global Traffic Techs., Inc*,
 725 F.3d 718 .............................................................................................................................3

*Nw. 1 Trucking, Inc. v. Haro*,
 No. 19-cv-397, 2020 U.S. Dist. LEXIS 72375 (N.D. Ill. Apr. 24, 2020) ................................11

*Page v. Democratic Nat'l Comm.*,
 No. 20 C 671, 2020 U.S. Dist. LEXIS 247795 (N.D. Ill. Aug. 17, 2020) .................................6

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
 338 F.3d 773 (7th Cir. 2003) ............................................................................................3, 5, 8

*Rogers v. City of Hobart*,
 996 F.3d 812 (7th Cir. 2021) ..............................................................................................9, 11

*Rovanco Piping Sys. v. Perma-Pipe Int'l Holdings, Inc.*,
 No. 21 C 3522, 2022 U.S. Dist. LEXIS 40559 (N.D. Ill. Mar. 8, 2022) .................................11

*In re Sheehan v. Breccia Unlmited Co.*,
    48 F.4th 513 (7th Cir. 2022) ...................................................................................4, 7, 10, 11

*Teva Pharm. Indus., Ltd. v. UnitedHealthcare Servs.*,
    341 F. Supp. 3d 475 (E.D. Pa. 2018) .................................................................................1

*Ticketreserve, Inc. v. Viagogo, Inc.*,
    656 F. Supp. 2d 775 (N.D. Ill. 2009) ...............................................................................11

*Walden v. Fiore*,
    571 U.S. 277 (2014)..............................................................................................7, 8, 10

**Court Rules**

Fed. R. Civ. P. 12(b)(2)................................................................................................1, 5

**INTRODUCTION**

In their opening brief, UHG and OptumInsight went through the relevant jurisdictional allegations against them in the State's complaint, showing that none describes sufficient contacts with Illinois for this Court to exercise personal jurisdiction. *See* ECF No. 56. In response, the State mischaracterizes its complaint, contends that UHG and OptumInsight "omit[ted]" relevant jurisdictional allegations (ECF No. 83 at 8), and presses jurisdictional arguments that the Southern District of Mississippi has already rejected on virtually identical allegations. *See* Order, *The State of Mississippi ex rel. Fitch v. Eli Lilly & Co.*, No. 3:21-cv-00674, ECF No. 112 at 14 (S.D. Miss. Aug. 15, 2022).

Most of the State's arguments fail because they mischaracterize the complaint. For instance, the State repeatedly misrepresents *in its brief* that it has alleged *in its complaint* that UHG and OptumInsight provide PBM services. *See e.g.*, ECF No. 83 at 11 (characterizing its complaint as including an allegation that "UHG specifically offered PBM services in Illinois"); *id* at 14 (describing UHG and OptumInsight's conduct as "providing PBM services, constructing formularies, dispensing the at-issue drugs, and blocking transparency . . . ."). But those allegations do not, in fact, exist in the complaint. On the contrary, in its complaint, the State was careful not to blur the lines because it knows that of UHG, OptumInsight, and OptumRx, only OptumRx provides PBM services. *Compare* Compl. ¶ 201 ("OptumRx provides PBM services . . . ."), *with id.* ¶ 184 ("UnitedHealth Group, through its executives and employees, is directly involved in the company policies that inform its PBM services. . . .") *and id.* ¶ 188 ("OptumInsight analyzed data and other information from the Manufacturer Defendants . . . ."). As the State knows, "UnitedHealth Group . . . is a holding company." *See Teva Pharm. Indus., Ltd. v. UnitedHealthcare Servs.*, 341 F. Supp. 3d 475, 482 (E.D. Pa. 2018). The State could never allege in good faith that it provides PBM services. Regardless, it cannot amend its allegations by brief. *See Bruno v. Glob.*

*Experience Specialists, Inc.*, No. 19-cv-06710, 2020 U.S. Dist. LEXIS 161374, at *7 (N.D. Ill. Sept. 3, 2020). This Court must assess the sufficiency of the allegations based on what is in the complaint, not what the State says about its complaint in its brief.

The State also contends UHG and OptumInsight "omitted" certain paragraphs when walking through the allegations in their motion. But none of the allegations the State identifies changes the jurisdictional analysis. Even if the allegations could be fairly described as substantive jurisdictional allegations, none connects UHG or OptumInsight to the forum in a meaningful way, let alone shows suit-related contacts creating a substantial connection with Illinois.

The State's legal arguments are no better. For example, the State argues that the Mississippi decision is "inapposite." ECF No. 83 at 2. But contrary to the State's assertion, the "facts and law under which the Court must assess jurisdiction" (*id.*) are not different—the State's complaint in this case is a near carbon copy of the Mississippi complaint, and the Mississippi court held that the allegations failed to establish personal jurisdiction over the companies as a matter of federal due process. *See id.*; Order, *Fitch*, No. 3:21-cv-00674, ECF No. 112 at 14. This Court should reach the same result.

At bottom, the State's brief oversells what it alleged in the complaint. The Court should evaluate the allegations, not the State's characterizations of those allegations, and dismiss the claims against UHG and OptumInsight for lack of personal jurisdiction.

**ARGUMENT**

This Court lacks specific personal jurisdiction over UHG and OptumInsight as a matter of due process.[1] The State has not pleaded facts showing that UHG or OptumInsight has suit-related contacts creating a substantial connection with Illinois.

I.  **THE STATE CAN POINT TO NO ALLEGATION SUFFICIENT TO CONFER PERSONAL JURISDICTION.**

UHG and OptumInsight went through most of the "Relevant Jurisdictional Facts" in their opening brief and explained why each is insufficient to confer jurisdiction. The State purports to identify five "key" allegations that UHG and OptumInsight "omit[ted]" from their opening brief. *See* ECF No. 83 at 8–9. Each falls far short of establishing a substantial suit-related connection between UHG or OptumInsight and Illinois.

**Paragraphs 203 and 308** contain allegations related to OptumRx's alleged predecessor entities, mergers, and acquisition by UHG. Compl. ¶¶ 203, 308. Like the allegations in paragraphs 177, 178, 182, and 187—which UHG and OptumInsight addressed in their opening brief (ECF No. 56 at 6, 11)—these allegations do not speak to personal jurisdiction. At most, paragraphs 203 and 308 allege that UHG and OptumRx were in an "ordinary parent–subsidiary relationship" that the Seventh Circuit has held insufficient to support personal jurisdiction under an alter-ego theory. *KM Enters., Inc. v. Global Traffic Techs., Inc*, 725 F.3d 718. 733 (7th Cir. 2013); *see also Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent." (quotation omitted)). For the reasons set forth in UHG and OptumInsight's opening brief, the State has alleged no facts showing that UHG is OptumRx's alter ego.

---

[1] The State concedes that UHG and OptumInsight are not subject to general jurisdiction. ECF No. 83 at 10 n.3 ("The State does not contend that this Court has general jurisdiction over either Defendant.").

**Paragraph 322** alleges executives from OptumInsight attended annual PCMA conferences. Compl. ¶ 322. That allegation is both conclusory and irrelevant. *See id.* ("Defendants have also used these conferences to engage in private meetings in furtherance of the Insulin Pricing Scheme"). The State does not, and cannot, explain how allegedly participating in meetings *at unspecified locations* outside of Illinois creates a substantial suit-related connection between Illinois and OptumInsight.[2]

**Paragraph 350** contains a conclusory recitation of OptumInsight's alleged role in the so-called "Scheme." Compl. ¶ 350. That allegation merely summarizes the allegations from paragraphs 188-193 that OptumInsight "compiled, analyzed, and shared" data. *Id.* As explained in UHG and OptumInsight's opening brief, that allegation is insufficient to support specific jurisdiction because, even if OptumInsight analyzed "Illinois-specific" data in Minnesota, that would not constitute a "meaningful" connection to the forum. *See* ECF No. 56 at 11–12. Allegedly analyzing nationwide data that happens to include Illinois data from an office in Minnesota does not constitute suit-related contacts with Illinois, never mind suit-related contacts creating a substantial connection with the State. *See In re Sheehan v. Breccia Unlmited Co.*, 48 F.4th 513, 523 (7th Cir. 2022); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802–03 (7th Cir. 2014).

Paragraph 350 also recounts Senate testimony regarding alleged rebate payments from Eli Lilly. Compl. ¶ 350. As it relates to UHG, the allegation is nothing more than an attempt to impute OptumRx's activities to UHG for personal jurisdiction purposes, which the State cannot do without alleging facts supporting an alter-ego theory. *See Hangzhou Chic Intelligent Tech. Co. v. P'ships*

---

[2] Neither UHG nor OptumInsight is a member of PCMA. In response to CVS Health Corporation's 12(b)(2) motion, the State submitted several exhibits showing a list of PCMA's members—UHG and OptumInsight are not among them. ECF Nos. 85-4, 85-5, 85-6.

*& Unincorporated Ass'n Identified on Schedule "A"*, No. 20 C 4806, 2022 WL 2208827, at *2 (N.D. Ill. June 21, 2022) (allegations of "affiliation" and "association" are insufficient to confer personal jurisdiction under an alter ego theory without plausible allegations that defendants ignore "corporate formalities"). For the reasons set forth in UHG and OptumInsight's opening brief, the State has alleged no facts to show that UHG is OptumRx's alter ego.

None of the allegations establishes a substantial suit-related connection between UHG or OptumInsight and Illinois. They merely repeat or rephrase insufficient allegations appearing elsewhere in the complaint.

## II. THE STATE'S CONCLUSORY AND FACIALLY INADEQUATE ALLEGATIONS DO NOT ESTABLISH PERSONAL JURISDICTION.

In its Opposition, the State lists twelve "Relevant Jurisdictional Facts" that it claims are "uncontroverted." ECF No. 83 at 5–7. The State describes its allegations as "uncontroverted" throughout the brief and contends that its "uncontested" allegations "must be accepted as true." *See, e.g.*, *id.* at 9. And at various points, the State criticizes UHG and OptumInsight for "not disput[ing] the State's allegations regarding their involvement in the Insulin Pricing Scheme or the devestating impact the Scheme has had in Illinois." *Id.* at 1. UHG and OptumInsight, of course, dispute the State's misguided allegations. But for purposes of their Rule 12(b)(2) motion to dismiss, UHG and OptumInsight have made a facial challenge to the sufficiency of those allegations. *See Purdue Rsch. Found.* 338 F.3d at 783 (distinguishing a challenge to a plaintiff's prima facie showing of jurisdiction from a challenge where a defendant submits affidavits requiring the court to go beyond the pleadings). In making a facial challenge, UHG and OptumInsight do not need to "provide[] . . . affidavits or evidence to contest the State's allegations" to overcome conclusory and jurisdictionally irrelevant allegations. ECF No. 83 at 2. Whether the allegations are "uncontroverted" is irrelevant to UHG and OptumInsight's motion.

5

Although this Court can accept as true plausible factual allegations in the complaint, that does not mean—as the State argues—that the Court must accept *all* of its allegations (even the conclusory or threadbare ones) at face value. *See, e.g.*, *Page v. Democratic Nat'l Comm.*, No. 20 C 671, 2020 U.S. Dist. LEXIS 247795, at *5 (N.D. Ill. Aug. 17, 2020) ("[A]ny showing of jurisdiction must be based on specific facts set forth in the record, rather than . . . conclusory allegations." (citation omitted)). As UHG and OptumInsight have shown in their opening brief (ECF No. 56 at 6–12) and above, each jurisdictional allegation about UHG or OptumInsight in the complaint is either (1) so conclusory and threadbare that it should be disregarded or (2) legally insufficient to confer personal jurisdiction even if taken as true.

### III. THERE ARE NO FACTUAL ALLEGATIONS ESTABLISHING SPECIFIC JURISDICTION OVER UHG OR OPTUMINSIGHT.

When the conclusory allegations are stripped away, and the analysis is limited to the allegations in the complaint rather than the State's brief, what remains cannot establish that UHG or OptumInsight has suit-related contacts creating a substantial connection with Illinois. In *Fitch*, the Southern District of Mississippi found that indistinguishable allegations against UHG and OptumInsight failed to show specific personal jurisdiction as a matter of federal due process. *See* Order, *Fitch*, No. 3:21-cv-00674, ECF No. 112 at 14. The State offers no reason this Court should reach a different result.

#### A. The State fails to plead that UHG or OptumInsight purposefully directed their activities toward Illinois.

The State's "effects test" argument is flawed in two principal ways. First, the State tries to establish purposeful availment through "facts" it did not allege and "allegations" that are facially inadequate. The State asserts in its brief that "UHG specifically offered PBM services in Illinois, created formularies for use in Illinois, and received Manufacturer Payments based on its formularies" despite those allegations not appearing in the complaint. ECF No. 83 at 11. And the

6

State claims in its brief that it "alleges that UHG and OptumInsight were members of the PCMA and exerted control over the PCMA." *Id.* at 12. But that "allegation" is implausible because it is flatly contradicted by the exhibits the State submitted in response to CVS Health Corporation's 12(b)(2) motion. *See* ECF Nos. 85-4, 85-5, 85-6 (lists of PCMA members that do not include UHG or OptumInsight). And in any case, alleged membership in PCMA does not qualify as a suit-related contact with Illinois creating a substantial connection with the State.

When the inquiry is confined to the plausible factual allegations in the complaint, the State is left with the flawed argument that, under the "effects test," the State's alleged injury in Illinois is sufficient to establish minimum contacts as to UHG and OptumInsight. *See id.* at 10–11. Relying primarily on *Felland v. Clifton*, 682 F.3d 665, 669 (7th Cir. 2012) and *Calder v. Jones*, 465 U.S. 783 (1984), the State argues that UHG and OptumInsight are subject to personal jurisdiction even if they did not engage in activities in Illinois because their conduct outside Illinois had an "effect" inside the state. *See* ECF No. 83 at 10–11. Those cases pre-date *Walden v. Fiore*, 571 U.S. 277 (2014), and the State's argument—which was rejected by the *Fitch* court—exposes its fundamental misunderstanding of the Supreme Court's personal jurisdiction precedent.[3]

In *Walden*, the Supreme Court clarified *Calder*'s effects test, explaining that "the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 278, 290; *see also In re Sheehan*, 48 F.4th at 525 (analyzing *Calder* and *Walden* to conclude "our focus is on the deliberate actions of the defendants and whether they target or direct themselves toward

---

[3] The State also asserts that "OptumInsight does not dispute that it met and conspired with OptumRx and the Manufacturers for the purpose of developing, maintaining, and executing the Scheme in Arkansas." Opp. 15. That is false. The State's allegation is not a factual allegation; it's a conclusion that must be disregarded.

7

the forum state."). Accordingly, it is not enough that the plaintiff is allegedly injured in the forum state because "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

Inasmuch as the State purports to have alleged conduct in Illinois beyond alleged injury, the alleged conduct does not create a substantial connection with the State. *Cf. Walden*, 571 U.S. at 278. It is not enough for the State to allege that OptumInsight "provided Illinois data and analysis which allowed the Manufacturers to target Illinois diabetics and maximize the Scheme's profits in Illinois." ECF No. 83 at 12. First, the State is conflating the Manufactures' alleged conduct with OptumInsight's. *See Purdue Rsch Found.*, 338 F.3d at 784 (due process requires "an individual assessment of a particular defendant's contacts with the forum state."). Second, it is insufficient to allege that Illinois data was allegedly among the nationwide data that OptumInsight purportedly analyzed because that does not establish a substantial suit-related connection between OptumInsight and Illinois. Any plaintiff anywhere in the country could advance the same allegation, and due process forbids the exercise of personal jurisdiction with no limiting principle. *See Advanced Tactical Ordnance Sys., LLC* 751 F.3d at 803 (exercising personal jurisdiction with "no limiting principle . . . would violate the principles on which *Walden* and *Daimler* rest.").

The State's reliance on *Brabus GmbH v. Individuals, Corps., Ltd.*, No. 20-cv-03720, 2022 U.S. Dist. LEXIS 187302 (N.D. Ill. Oct. 13, 2022), does not salvage its argument. In *Brabus*, this Court—in a trademark infringement suit—considered personal jurisdiction in the context of an online retailer. *Id.* at *6. The Court did not invoke *Calder*'s effects test but instead applied the three-part test that UHG and OptumInsight addressed in their opening brief:

> (1) the defendant's contacts with the forum state must show that "it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state," (2) the alleged injury "must have arisen out of the defendant's forum-related activities," and (3) the exercise of

8

personal jurisdiction would "comport with traditional notions of fair play and substantial justice."

*Id.* at *5. In *Brabus*, this Court was tasked with determining whether it could exercise jurisdiction over an online retailer that allegedly sold or offered to sell counterfeit automotive products in Illinois. *Id.* at *5. Though the defendant's interactions with Illinois were limited, the Court held that it could exercise specific personal jurisdiction over the defendant because it was "ready, willing, and able to ship products to a specific address in [Illinois]." *Id.* at *7.

Unlike the allegations in *Brabus*, the allegations in this case do not establish that UHG or OptumInsight undertook "any affirmative action in Illinois, or any action purposefully designed to have an effect within Illinois." *Rogers v. City of Hobart*, 996 F.3d 812, 820 (7th Cir. 2021). The State argues that "[w]hether [UHG and OptumInsight's] intentional acts were also aimed elsewhere . . . is beside the point." ECF No. 83 at 13. But UHG and OptumInsight do not contend that the State must allege that they *exclusively* targeted Illinois. Instead, the State must allege that each company engaged in suit-related conduct creating a substantial connection with at least Illinois. The State hasn't done so. At best, the State alleges that UHG is OptumRx's corporate parent and that OptumInsight analyzes nationwide data. *See* Compl. ¶¶ 177, 178, 182, 187–193. Any State could make those allegations about UHG and OptumInsight—the State alleges nothing unique to Illinois. *See Advanced Tactical Ordnance Sys., LLC* 751 F.3d at 802–03 ("Has the defendant, in brief, targeted Indiana somehow?").

### B. The State fails to plead that UHG or OptumInsight's contacts arise from or relate to its claims.

The State's suit-relatedness argument is likewise propped up by "allegations" that are not in the complaint. ECF No. 83 at 15 (including an argument *in its brief* that "UHG, through its work as an Illinois PBM" insisted that payors pay inflated prices even though there is not a single allegation in the complaint that UHG provided PBM services to anyone); *id.* at 16 (arguing *in its*

*brief* that UHG "played an active role in causing the harm" "[b]y serving as a PBM in Illinois" even though there is not a single allegation in the complaint that UHG provided PBM services to anyone). Viewing the allegations in the complaint as opposed to the State's characterizations of those allegations in its brief, the State fails to allege any suit-related conduct creating a substantial connection between UHG or OptumInsight and Illinois. *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 746 (N.D. Ill. 2018) (court may consider "additional facts set forth in [a plaintiff's] brief opposing dismissal, *so long as* those additional facts are consistent with the pleadings." (emphasis added) (quotation omitted)); *see also Bruno*, 2020 U.S. Dist. LEXIS 161374, at *7 (court's ability to consider additional facts consistent with the pleadings "does not give plaintiffs *carte blanche* to amend a complaint through a response brief.").

Even if—as the State argues—UHG and OptumInsight "exploit[ed] the Illinois market" from their places of business in Minnesota, that would not constitute a substantial suit-related connection to the forum or establish that either company "purposefully directed" its actions toward the State. ECF No. 18 at 16; *In re Sheehan*, 48 F.4th at 523; *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 802–03. The State's allegations do not suggest that UHG or OptumInsight's contacts with Illinois are any more significant than the contacts they would have with every other state in the country; exercising specific jurisdiction on those sorts of allegations would violate due process. *See* Order, *Fitch*, No. 3:21-cv-00674, ECF No. 112 at 14.; *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803. ("We need not belabor the point: if having an interactive website were enough in situations like this one, there is no limiting principle—a plaintiff could sue everywhere. Such a result would violate the principles on which *Walden* and *Daimler* rest.").

Because the State fails to allege suit-related conduct creating a substantial connection with Illinois, the Court doesn't need to engage in a reasonableness inquiry. The reasonableness inquiry

is relevant only "[w]hen a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction." *Nw. 1 Trucking, Inc. v. Haro*, No. 19-cv-397, 2020 U.S. Dist. LEXIS 72375, at *23 (N.D. Ill. Apr. 24, 2020). Here, the State fails to allege UHG or OptumInsight purposefully directed their activities at Illinois, so jurisdiction is lacking. *See Rogers*, 996 F.3d at 815 ("Simply put, none of the supposed Illinois contacts asserted by [plaintiff], whether considered separately or together, constitute the requisite 'minimum contacts' among the State, the defendants, and the cause of action necessary to fulfill the requirements of due process.").

## IV. JURISDICTIONAL DISCOVERY IS NOT WARRANTED.

The State bears the burden of demonstrating the propriety of jurisdictional discovery (*see Rovanco Piping Sys. v. Perma-Pipe Int'l Holdings, Inc.*, No. 21 C 3522, 2022 U.S. Dist. LEXIS 40559, at *11 (N.D. Ill. Mar. 8, 2022)), but it can't meet that burden. "At minimum, the plaintiff must establish a *prima facie* showing of personal jurisdiction before discovery will be permitted." *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). And "[a] plaintiff may not rely on 'bare,' 'attenuated,' or 'unsupported assertions' of jurisdiction to justify discovery." *Rovanco Piping Sys*, 2022 U.S. Dist. LEXIS 40559, at *11. Here, UHG and OptumInsight argued that *even accepting as true* the State's factual allegations (setting aside the conclusory and threadbare ones), they are insufficient to establish personal jurisdiction. A plaintiff is not "entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction." *In re Sheehan*, 48 F.4th at 527. Additional discovery would not fix the State's defective pleading. Accordingly, the State's request for jurisdictional discovery should be denied. The Mississippi court rejected a similar request on nearly identical allegations.

## **CONCLUSION**

The Court should dismiss the State's claims against UHG and OptumInsight for lack of personal jurisdiction.

11

Respectfully submitted,

DATED this 4th day of May, 2023.

/s/Patricia Brown Holmes
Patricia Brown Holmes
Lucas Rael
**RILEY SAFER HOLMES & CANCILA LLP**
70 W Madison St Suite 2900
Chicago, IL 60602
T: (312) 471-8700
pholmes@rshc-law.com
lrael@rshc-law.com


Brian David Boone (pro hac vice)
Michael Roger Hoernlein (pro hac vice)
Kyle Hair (pro hac vice)
**ALSTON & BIRD LLP**
*Address until May 10, 2023*
101 South Tryon Street
Suite 4000
Charlotte, NC 28280
*Address after May 10, 2023*
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
Tel. (704) 444-1106
brian.boone@alston.com
michael.hoernlein@alston.com
kyle.hair@alston.com

Elizabeth Broadway Brown (pro hac vice)
Jordan Webber Edwards (pro hac vice)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel. (404) 881-7000
liz.brown@alston.com
jordan.edwards@alston.com

*Attorneys for UnitedHealth Group Incorporated and OptumInsight, Inc.*